UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:17-CV-0600-G |
| CHRISTOPHER LAUREN GRAHAM, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the plaintiff's motion to remand the case to the state court from which it was previously removed (docket entry 6). For the reasons stated below, the plaintiff's motion is granted.

I. BACKGROUND

On October 24, 2016, the plaintiff, the Commission for Lawyer Discipline ("the Commission"), commenced this action in the 193rd Judicial District Court of Dallas County, Texas against the defendant, Christopher Graham ("Graham"). *See* Defendant's Notice of Removal ("Notice") at 3 (docket entry 1). On March 1, 2017, Graham removed the action to this court. See *id.* at 1. On March 27, 2017, the

Commission filed the instant motion to remand. The Commission's Motion to Remand ("Motion") (docket entry 6). Graham did not file a response. The motion is now ripe for decision.

## II. ANALYSIS

### A. Motion to Remand

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164. There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C.

§ 1331, and complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332.

Here, Graham has only alleged federal question as a basis for this court's jurisdiction. *See* Notice ¶¶ 1, 3. However, Graham has failed to show that federal question jurisdiction exists. In its complaint, the Commission alleged that Graham violated the Texas Disciplinary Rules of Professional Conduct 1.01(b), 8.02(a), and 8.04(a)(3). See Disciplinary Petition and Request for Disclosure ¶¶ IV-V, *attached to* Notice; Motion at 2. None of the claims alleged by the Commission in its well-pleaded complaint arise "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *Stump v. Potts*, 322 Fed. App'x. 379, 380 (5th Cir. 2009) ("It is not sufficient for the federal question to be raised in the answer or in the petition for removal."). Thus, the court does not have jurisdiction over this case.

Moreover, Title 28, Section 1446(b), which governs the procedure for removing civil cases, provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Here, Graham's notice of removal was filed after section 1446(b)'s thirty-day window. Graham was personally served on November 3, 2016.

*See* Motion at 2 (citing exhibit B). The deadline for Graham to remove the action was therefore December 5, 2016. Graham did not file a notice of removal until March 1st, 2017 -- nearly three months after the deadline passed. Therefore, Graham's notice of removal is procedurally defective as untimely.

### B. Costs

The Commission seeks the costs incurred by having to oppose Graham's removal. See *id.* at 6. Federal law provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Fifth Circuit has stated that "[t]he application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In other words, in determining whether to grant the Commission's request for costs incurred, the court must determine "whether the defendant had *objectively reasonable* grounds to believe the removal was legally proper." See *id.* (emphasis added). The court concludes that Graham did not have "objectively reasonable grounds to believe" that his removal was legally valid. Therefore, the court grants the Commission's request for costs.

## III. CONCLUSION

For the reasons stated above, the plaintiff's motion to remand is **GRANTED**. This case is **REMANDED** to the **193rd Judicial District Court of Dallas County, Texas**. The clerk shall mail a certified copy of this order to the district clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED**.

April 21, 2017.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**